# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| RANDY STEPHAN CAIN, | Case No. 3:17-cr-00178-SLG |
| Defendant. | |

## ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 47 is defendant Randy Stephan Cain's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A). The government filed a response in opposition at Docket 53. The U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 52.

On January 15, 2019, this Court sentenced Mr. Cain to 84 months of incarceration after he pleaded guilty to one count of Possession of a Controlled Substance with Intent to Distribute.[1] Mr. Cain is currently in Bureau of Prisons (BOP) custody and incarcerated at Lompoc FCI in California; his projected release date is December 2, 2023.[2] In light of the COVID-19 pandemic, Mr. Cain seeks

---

[1] Docket 43.

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Nov. 13, 2020).

an order reducing his sentence to time served and possibly placing him on home detention.[3] The government responds that the motion should be denied because of "the seriousness of Cain's offense of conviction, the danger he presents to the community, the length of time remaining in his prison term, and the limited nature of the exigency involved."[4]

I. **Applicable law**

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[5] If the defendant has exhausted his administrative rights, a district court must consider the motion on the merits. On the merits, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction, that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[6]

II. **Exhaustion of administrative rights**

An inmate has exhausted his administrative rights if the warden of an inmate's facility has denied a request for compassionate release or if 30 days have

---

[3] Docket 47 at 4, 35.

[4] Docket 53 at 1.

[5] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[6] 18 U.S.C. § 3582(c).

Case No. 3:17-cr-00178-SLG, *United States v. Cain*
Order Re Motion for Compassionate Release
Page 2 of 7
Case 3:17-cr-00178-SLG   Document 54   Filed 11/18/20   Page 2 of 7

lapsed from the receipt of a request by an inmate for compassionate release by the warden of the inmate's facility.[7]  In July 2020, Mr. Cain wrote a brief e-mail to the warden seemingly seeking compassionate release "because of COVID 19 due to the fact that Im [sic] over weight and of the age of 44?"[8]  Because more than 30 days have passed since Mr. Cain's request, it appears that he has exhausted his administrative rights.  The government agrees that Mr. Cain has exhausted his administrative rights.[9]  The Court will consider the motion on its merits.

## III.    Extraordinary and compelling reasons

Mr. Cain, who is currently 44 years old, submits that his obesity and lingering symptoms from when he contracted COVID-19 in May 2020 constitute extraordinary and compelling reasons warranting compassionate release.[10]  Mr. Cain maintains that he is "more likely to contract COVID-19 as long as he remains in BOP custody" and is "more likely to develop severe complications or even death from COVID-19 if he is exposed" to the virus.[11]  The government responds that Mr. Cain's obesity does not present a significant risk to him because he already contracted COVID-19 and did not suffer "severe health consequences" and that

---

[7] 18 U.S.C. § 3582(c)(1)(A).

[8] Docket 48 at 14 (under seal).

[9] Docket 53 at 3.

[10] Docket 47 at 2–3, 7.  Mr. Cain also asserts that he "has numerous health concerns" but only discusses obesity and lingering COVID-19 symptoms.  Docket 47 at 30.

[11] Docket 47 at 31.

Case No. 3:17-cr-00178-SLG, *United States v. Cain*
Order Re Motion for Compassionate Release
Page 3 of 7
Case 3:17-cr-00178-SLG   Document 54   Filed 11/18/20   Page 3 of 7

Mr. Cain has shown "relatively minor symptoms" of COVID-19 and is receiving adequate medical care within the BOP.[12]

Mr. Cain's medical records confirm that he was diagnosed with COVID-19 in May 2020.[13] The medical records appear to show that he displayed minimal symptoms, with one note in May 2020 indicating that he had a sinus headache and daytime cough likely related to COVID-19.[14] He received a chest x-ray then that showed minimal scarring in one area of his lungs.[15] In early August 2020, Mr. Cain complained of dizziness, headaches, intermittent shortness of breath, and several other maladies; he was prescribed Ibuprofen and received chest x-rays that again showed some lung scarring.[16] Based on the Court's review of the medical records, it appears that Mr. Cain has not suffered a severe course of COVID-19.

To the extent that Mr. Cain has lingering COVID-19 symptoms,[17] the BOP medical staff ordered imaging when the symptoms persisted.[18] Mr. Cain does not assert that the results of the imaging indicate that he had or continues to have a severe course of COVID-19.

---

[12] Docket 53 at 4.

[13] Docket 48 at 9 (under seal).

[14] Docket 48 at 9 (under seal).

[15] Docket 48 at 7 (under seal).

[16] Docket 48 at 5-7 (under seal).

[17] Docket 48 at 3 (under seal).

[18] Docket 48 at 2–5 (under seal).

Case No. 3:17-cr-00178-SLG, *United States v. Cain*
Order Re Motion for Compassionate Release
Page 4 of 7
Case 3:17-cr-00178-SLG Document 54 Filed 11/18/20 Page 4 of 7

Mr. Cain appears to have a body mass index that renders him obese.[19] The Centers for Disease Control and Prevention indicate that people with obesity have an increased risk of severe illness from COVID-19.[20] However, Mr. Cain has not demonstrated that his obesity constitutes a serious medical condition as to him, or that it is causing any deterioration in his health. The Court finds that Mr. Cain's medical conditions do not constitute an "extraordinary and compelling" reason that would justify a reduction in sentence at this time.

Moreover, as of the date of this order, the BOP reports that there is one confirmed case of COVID-19 among inmates at Lompoc FCI and one case among staff.[21] The generalized risk of COVID-19 to inmates in a correctional institution does not independently justify compassionate release.[22]

## IV. Section 3553(a) factors

---

[19] The pre-sentence report lists Mr. Cain as being 5 feet, 11 inches tall, and his medical record from August 2020 states that he weighed 229 pounds at that time. Docket 29 at 19 (under seal); Docket 48 at 4 (under seal). According to the CDC's body-mass index calculator, this means Mr. Cain has a BMI of 31.9, which is at the low end of the "obese" range.

[20] CDC, *People with Certain Medical Conditions*, www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last accessed Nov. 13, 2020).

[21] Fed. Bureau of Prisons, COVID-19: Coronavirus (available at www.bop.gov/coronavirus/) (last accessed Nov. 13, 2020).

[22] *United States v. Fuller*, No. CR17-0324JLR, 2020 WL 2557337, at *6 (W.D. Wash. May 20, 2020) (finding that vague claims that conditions of confinement are "ripe" for COVID-19 infections and generalized concerns about the COVID-19 pandemic are not sufficient to establish the extraordinary and compelling reasons necessary to justify compassionate release); *cf. United States v. Boatwright*, No. 219CR00301GMNDJA, 2020 WL 1639855, at *5 (D. Nev. Apr. 2, 2020) ("The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents, particularly within the jail and prison setting. However, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation.").

Case No. 3:17-cr-00178-SLG, *United States v. Cain*
Order Re Motion for Compassionate Release
Page 5 of 7
Case 3:17-cr-00178-SLG   Document 54   Filed 11/18/20   Page 5 of 7

In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court views the continued validity of the imposed sentence in light of the COVID-19 pandemic.[23] Mr. Cain acknowledges that "the circumstances of the present offense qualified Mr. Cain for the serious sentence this Court originally imposed."[24] However, he asserts that "the sentencing purpose of just punishment does not warrant a sentence that includes exposure to a life-threatening illness" and that the COVID-19 pandemic is an "overriding factor under § 3553(a) that was not present at the time of sentencing."[25]

The Court finds that the applicable § 3553(a) factors do not support a reduction in sentence in this case. Mr. Cain's crime of conviction involved him dealing heroin daily for at least four years.[26] The Probation Officer who completed the Compassionate Release Investigation in this case recommended denying Mr. Cain's request for a reduction in sentence because "the 18 U.S.C. § 3553(a) factors, particularly regarding deterrence and protection of the public" do not support a reduction in sentence.[27] Mr. Cain asserts that he needs to be released

---

[23] In *Pepper v. United States*, 562 U.S. 476, 490–93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

[24] Docket 47 at 33.

[25] Docket 47 at 33. Mr. Cain cites to the Eighth Amendment's prohibition on cruel and unusual punishment but does not develop a constitutional argument. Docket 47 at 33.

[26] Docket 29 at 1, 9 (under seal).

[27] Docket 52 at 2 (under seal).

Case No. 3:17-cr-00178-SLG, *United States v. Cain*
Order Re Motion for Compassionate Release
Page 6 of 7
Case 3:17-cr-00178-SLG   Document 54   Filed 11/18/20   Page 6 of 7

from custody so that he has "the opportunity to address his substance abuse addiction."[28] However, the Probation Office reports that Mr. Cain was in, and withdrew from, the Residential Drug Abuse Program.[29] Mr. Cain has also not addressed how or where he would seek drug abuse treatment were he to be released.

The Court finds that the proposed reduction of Mr. Cain's sentence by nearly half would not reflect the nature and circumstances of the offense, the history and characteristics of Mr. Cain, or the seriousness of the offense; would not promote respect for the law; would not afford adequate deterrence; would not protect the public; and would not provide just punishment.[30]

## CONCLUSION

In light of the foregoing, the motion at Docket 47 is DENIED.

DATED this 18th day of November, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[28] Docket 47 at 5.

[29] Docket 52 at 1 (under seal).

[30] 18 U.S.C. § 3553(a)(2).

Case No. 3:17-cr-00178-SLG, *United States v. Cain*
Order Re Motion for Compassionate Release
Page 7 of 7
Case 3:17-cr-00178-SLG   Document 54   Filed 11/18/20   Page 7 of 7